NANCY W. BAYLEY, INC.

v.

MAINE EMPLOYMENT SECURITY COMMISSION.

Supreme Judicial Court of Maine.

Argued Nov. 15, 1983.
Decided March 6, 1984.

Preti, Flaherty & Beliveau, Thomas R. Kolb (orally), Martin R. Johnson, Portland, for plaintiff.

James E. Tierney, Atty. Gen., Susan P. Herman (orally), Rufus E. Brown, Thomas W. Saturley, Peter H. Stewart, Asst. Attys. Gen., Augusta, for defendant.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, WATHEN, GLASSMAN and SCOLNIK, JJ.

SCOLNIK, Justice.

The petitioner, Nancy W. Bayley, Inc., appeals from a judgment in the Superior Court (Cumberland County), affirming a decision by the Maine Employment Security Commission that the corporation owed $4,318.35 for wages paid in employment during the period from July 1, 1978, to June 30, 1979. The corporation owned a fishing vessel that required the services of a captain and crew, as well as stevedores, known as "lumpers," to off-load the catch. The Commission determined that the captain, crew, and lumpers were all employees of the corporation for the purposes of assessing the corporation's unemployment compensation tax liability. On appeal, the corporation argues, *inter alia,* that the captain and crew were engaged in a joint venture with the corporation. Because we conclude that the Commission failed to employ the appropriate standard for determining the existence of a joint venture, we vacate the judgment and remand to the Superior Court for remand to the Commission for additional findings of fact.

Nancy W. Bayley, Inc., is a Delaware corporation with a place of business in Cape Elizabeth. Its principal asset is a seventy-nine ton fishing vessel called the Nancy W. Bayley. On October 19, 1979, a Field Advisor and Examiner for the Unemployment Compensation Tax Division determined that the corporation was a subject employer pursuant to 26 M.R.S.A. § 1043(9)(B).[1] By assessment, the Division then determined that the corporation owed $4,318.35 in contributions, based upon taxable wages paid from July 1, 1978, to June 30, 1979. The corporation filed a timely appeal to the Commission, and an evidentiary hearing was held on February 24, 1981.

---

1. 26 M.R.S.A. § 1043(9)(B) provides: " 'Employer' means: ... Any individual or employing unit which acquired the organization, trade or business, or substantially all the assets thereof, of another which at the time of such acquisition was an employer subject to this chapter[.]" Nancy W. Bayley, Inc., was the successor corporation to Ocean Maid Products, Inc.

Before the Commission, the corporation argued, as it does on appeal, that the captain and crew were engaged in a joint venture with the corporation, and that the lumpers were independent contractors. In its decision, the Commission found that there was a division of responsibility with respect to the vessel. The corporation was responsible for maintenance and repair, and for selecting the captain for each trip. The captain selected the crew, and had complete command of the vessel once it was underway. He determined where the vessel would fish, what the catch would comprise, and where the catch would be sold. He was responsible for engaging lumpers at the wharf to off-load the catch.

The Commission determined that the captain and crew were compensated by a share arrangement with the owner. Fifty percent of the gross receipts for each trip went to the owner, and fifty percent, less the costs of the trip, was divided between captain and crew. Compensation was not guaranteed, and if the costs exceeded the portion allocated to the captain and crew, those costs would be carried forward to succeeding trips. The lumpers were paid by the purchasers of the catch, who would deduct that amount from the price paid for the catch.

The Commission ruled that there was no joint venture, observing that the captain and crew did not formally lease the vessel from the corporation, that neither the captain, the crew, nor the corporation filed partnership tax returns, and that no formal written joint venture agreement had been signed. The Commission then determined that the vessel did not come under the "small boat exemption" provided under 26 M.R.S.A. § 1043(11)(F)(32),[2] since the weight of the vessel exceeded the ten ton maximum. It subjected the captain, crew, and lumpers to the so-called ABC test provided for under 26 M.R.S.A. § 1043(11)(E),[3] and concluded that the services performed by all three were performed in "employment" for the corporation. It therefore affirmed the assessment of a tax liability of $4,318.35.

The corporation appealed the decision to the Superior Court pursuant to 5 M.R.S.A. § 11001 and M.R.Civ.P. 80B.[4] The court adopted the findings of fact of the Commission, ruling that they were fully supported

**2.** 26 M.R.S.A. § 1043(11)(F)(32) provided: "The term 'employment' shall not include . . . [s]ervices performed by an individual on a boat of 10 net tons or less engaged in catching fish or other forms of aquatic animal life under an arrangement with the owner or operator of such boat pursuant to which:

(a) Such individual does not receive any cash remuneration, other than as provided in division (b);

(b) Such individual receives a share of the boat's . . . catch of fish or other forms of aquatic animal life or a share of the proceeds from the sale of such catch; and

(c) The amount of such individual's share depends on the amount of the boat's . . . catch of fish or other forms of aquatic animal life, but only if the operating crew of such boat . . . is normally made up of fewer than 7 individuals."

Subparagraph 32 was repealed by P.L.1981, ch. 633, and replaced with the following provision: "The term 'employment' shall not include . . . [a]fter December 31, 1981, services performed by an individual on a boat engaged in catching fish or other forms of aquatic animal life, unless those services would be included in the definition of 'employment' for federal unemployment tax purposes under the Federal Unemployment Act, United States Code, Title 26, Section 3306(c), as it may be amended. . . ."

**3.** 26 M.R.S.A. § 1043(11)(E) provided: "Services performed by an individual for remuneration shall be deemed to be employment subject to this chapter unless and until it is shown to the satisfaction of the commission that: (1) Such individual has been and will continue to be free from control or direction over the performance of such services, both under his contract of service and in fact; and (2) Such service is either outside the usual course of the business for which such service is performed, or that such service is performed outside of all the places of business of the enterprise for which such service is performed; and (3) Such individual is customarily engaged in an independently established trade, occupation, profession or business." Paragraph E was amended by P.L.1979, ch. 651, which substituted the word "bureau" for "commission."

**4.** M.R.Civ.P. 80C did not go into effect until February 15, 1983.

by the evidence, and proceeded to review its conclusions of law. It found that, although the captain and crew were compensated on a share basis, it was undisputed that the Nancy W. Bayley exceeded ten tons, and therefore it was not exempt under section 1043(11)(F)(32). Unlike the Commission, the court did not subject the captain and crew to the ABC test, but instead ruled that their services automatically constituted employment under 1043(11)(F)(32). It did subject the lumpers to the ABC test, finding that the corporation had failed to carry its burden with respect to the "control" prong of the test, 26 M.R.S.A. § 1043(11)(E)(1). It therefore affirmed the decision of the Commission, and the corporation appeals.

▮ Since the Superior Court based its ruling solely on the agency's record without receiving additional evidence, we will review the agency's decision and not that of the Superior Court. *Keith v. Saco River Corridor Comm'n,* 464 A.2d 150, 153 (Me. 1983); *Driscoll v. Gheewalla,* 441 A.2d 1023, 1026 (Me.1982). Our standard of review is the same as that employed by the Superior Court. *Driscoll,* 441 A.2d at 1026. "[O]ur role on appeal is 'limited to assuring that the [commission's] factual findings are supported by competent evidence, that [its] decision involved no misconception of applicable law and that the application of the law to the facts was neither arbitrary nor without rational foundation.'" *Comeau v. Maine Coastal Services,* 449 A.2d 362, 368 (Me.1982) (quoting *Hall v. State,* 441 A.2d 1019, 1021 (Me.1982)). Thus, a misapplication of the law to the facts will constitute reversible error, *Wright v. Superintending School Comm., City of Portland,* 331 A.2d 640, 646 (Me.1975), and if an agency fails to make adequate findings of fact, the Court may remand for findings that would permit meaningful judicial review, *Harrington v. Inhabitants of the Town of Kennebunk,* 459 A.2d 557, 561 (Me.1983); *see also P.H. Chadbourne & Co. v. Inhabitants of the Town of Bethel,* 452 A.2d 400, 406–08 (Me. 1982) (Carter, J., dissenting).

▮ The petitioner maintains, as it did before the Commission, that the captain and crew of the Nancy W. Bayley were engaged in a joint venture with the corporation. A joint venture is an association between two or more individuals or entities who agree to pool their efforts and resources to jointly seek profits. *Honeycomb Systems, Inc. v. Admiral Ins. Co.,* 567 F.Supp. 1400, 1409 (D.Me.1983); *Simpson v. Richmond Worsted Spinning Co.,* 128 Me. 22, 29, 145 A. 250, 253 (1929). It is similar to a partnership, although it is generally more limited in scope and duration. *Honeycomb,* 567 F.Supp. 1409; *Simpson,* 128 Me. at 29–32, 145 A. at 254–55. Like a partnership, a joint venture is *ex contractu,* and its existence may be established by proving the elements of a contract. *Simpson,* 128 Me. at 29–30, 145 A. at 254. Such a contract may be express or implied, and the finder of fact must consider the conduct of the parties and the surrounding circumstances before reaching a conclusion as to their intent. "The whole scope of the arrangement must be examined and each of its parts considered in relation to all the other parts to ascertain the real intent of the parties." *Simpson,* 128 Me. at 30, 145 A. at 254.

The Commission heard testimony from two of the captains that had worked on the Nancy W. Bayley that would support the conclusion that the captain and crew were engaged in a joint venture with the corporation. The chief and the assistant chief of the Unemployment Compensation Tax Division testified that, although joint venture status would put the corporation beyond the reach of 26 M.R.S.A. § 1043, it was Division policy to concede the existence of a joint venture only where there is written evidence of the arrangement, and that, typically, such evidence would be in the form of a lease of the corporation's vessel or the filing of partnership income tax returns.

▮ Under Maine law, a writing is not indispensable to the creation of a joint venture. *See Simpson,* 128 Me. at 30, 145 A. at 254. The policy of the Division, as articu-

lated at the hearing before the Commission, is therefore not in accordance with Maine law. Yet the Commission, in rendering its decision, cites only the lack of written evidence to support its finding that there was no joint venture. Without evaluating the credibility of the captains' testimony, it stated that "[t]here is no formal legal entity such as a partnership, or joint venture partnership, between the Corporation and the captain and crew. There is no formal lease between the Corporation and the captain and crew. There are no partnership tax returns filed by the corporation and the captain and crew. There is no separate account for the disbursement of compensation for the captain and crew. The crew members sign no formal joint venture agreement with the captain, nor do the captain and crew sign any formal joint venture agreement with the Corporation." As we observed in *Simpson,* the paramount issue is the intent of the parties, and "[t]he whole scope of the arrangement must be examined and each of its parts considered in relation to all the other parts" to ascertain that intent. 128 Me. at 30, 145 A. at 254. While the Commission, in its role as fact-finder, is free to weigh the credibility of witnesses appearing before it, we cannot determine, on this record, whether the Commission did in fact consider the substantial testimony in support of a joint venture when rendering its decision. Such consideration is required under *Simpson.*

■ We intimate no opinion as to whether the parties were, in fact, engaged in a joint venture.[5] It is clear, however, that the Commission, by failing to address or distinguish evidence of the parties' intent that emerged through the testimony, did not employ the standard set forth in *Simpson.* A determination that the parties were engaged in a joint venture would negate the applicability of 26 M.R.S.A. § 1043, and serve to exempt the corporation from the tax liability assessed by the Division.[6] The

---

**5.** Nor do we intimate any opinion as to the ultimate status of the lumpers. The Commission concluded that " '[l]umpers are workers hired by the captain at the docks on an 'as needed' basis." Since their work was controlled by the captain and crew, who were deemed employees of the corporation by the Commission, the Commission found that the lumpers were themselves employees of the corporation, and not, as urged by the corporation, independent contractors. A finding that the captain and crew were engaged in a joint venture agreement with the corporation would raise the question of whether the lumpers were, indeed, independent contractors, or simply employees of the various partners to the joint venture. Since, however, the gravamen of this appeal lies in the tax liability of the corporation, and not of a putative joint venture, we leave for the Commission the proper determination of the lumpers' employment status.

**6.** We decline to adopt the interpretation of 26 M.R.S.A. § 1043(11)(F)(32) urged by the Commission on appeal (which differs from its analysis in its decision), and embraced by the court below. This interpretation bypasses the question whether the parties were engaged in a joint venture, treating as dispositive the Nancy W. Bayley's failure to qualify for the small boat exemption. *See* note 2 (text of small boat exemption). Citing what it perceives to be the legislative intent behind paragraph F, the Com-

mission, on appeal, urges that services performed by crew members of any vessel over the ten ton limit, who are compensated on a share basis, constitute "employment" under subsection 11. We disagree.

Paragraph F provides specific contexts in which services performed will *not* be deemed employment under subsection 11. Subparagraph 32, the so-called "small boat exemption," was enacted by P.L.1977, ch. 483, in order to track a similar provision in the 1976 Internal Revenue Code. *See* L.D. 259, Statement of Fact (108th Legis.1977). In the original version of this bill, crew members of a fishing vessel who are compensated on a share basis would be exempt without regard to the vessel's tonnage. L.D. 259, § 1 (108th Legis.1977). The bill was amended prior to enactment so as to restrict the exemption to vessels of ten tons or less. *See* Comm.Amend. A to L.D. 259, No. H–673 (108th Legis.1977); House Amend. A to L.D. 259, No. H–696 (108th Legis.1977). The purpose of the amendment was to "[b]ring the bill into conformity with federal law, which mandates that *employees* on boats over 10 tons be covered by the employment security law ...." Comm.Amend. A to L.D. 259, No. H–673, Statement of Fact (108th Legis.1977) (emphasis added).

This Statement of Fact lays bare the underlying assumption that subparagraph 32 will apply to *employees* of fishing vessels who are compensated under a share arrangement. It will not

corporation was entitled to full consideration of this threshold question, and the Commission below erred when it based its finding on only a portion of the evidence before it.

The entry is:

Judgment vacated.

Case remanded to the Superior Court for remand to the Maine Employment Security Commission for further proceedings consistent with the opinion herein.

apply to individuals associated with a fishing vessel who, because of the nature of their association, cannot, as a matter of law, be deemed "employees" of the vessel owner. It is critical, therefore, to determine first whether an individual qualifies as an employee before advancing to consideration of a possible exemption under subparagraph 32. The Commission, on appeal, and the court below, would turn this analysis on its head, and treat all crew members of a fishing vessel weighing more than ten tons,

who are compensated on a share basis, as employees of the vessel owner, notwithstanding the contractual basis of the relationship between the parties. Such a view would ignore, *a fortiori*, even an express written joint venture agreement between the parties. We do not believe that the legislature intended this result, and we conclude, as did the Commission in the first instance, that the possibility of a joint venture between the parties must be considered at the outset.