STATE OF MAINE                                    SUPERIOR COURT
                                                 CIVIL ACTION
KENNEBEC, ss.                                    DOCKET NO. AP-01-68
                                                 ⊃Ḥ· -- ·

FAMILIES UNITED OF
WASHINGTON COUNTY, INC.,

        Petitioner

    v.                                           **DECISION AND ORDER**

MAINE DEPARTMENT OF                              DONALD L. GARBRECHT
HUMAN SERVICES, *et al.*,                         LAW LIBRARY

        Respondents                              JUL 18 2002


This matter is before the court on Families United of Washington County's 80C

petition for review of final agency action denying its appeal of a contract award by the

Department of Human Services.

Families United of Washington County (Families) is an organization that

provides a variety of support and mental health services to families in Washington and

Hancock Counties. In February 1998, the Maine Department of Human Services (DHS)

issued a Request for Proposal (RFP) seeking bids for the award of a contract to provide

domestic violence response services in Washington County. The evaluation process

implemented by the Division of Purchases and Support Services rated the proposals

using numerically-scored evaluation criteria. DHS awarded the contract to

Washington-Hancock County Agency (WHCA) with petitioner rated lowest in the

process. Families filed a timely appeal of the contract award decision alleging problems

with the reviewing process along with biased and arbitrary scoring which it says

resulted in an arbitrary or capricious award. The Appeal Committee convened by

Department of Administrative and Financial Services (DAF) agreed with Families and,

per statutory authority, invalidated the contract award to WHCA.

Concluding that there was no evidence that there was any flaw in the original. RFP or that there were subsequent events or circumstances that rendered the proposals invalid, DHS decided that it would not issue a new RFP but rather chose to re-submit the old proposals to a new team of reviewers. This was completed in August of 1998. The result was the same as the first bidding process i.e., WHCA was again awarded the contract. Families filed an appeal of this decision which was denied without a hearing. Families appealed this decision to the Superior Court which agreed with the appeal and remanded the case back to DAF directing it to hold a hearing.

On April 18, 2000, a second Appeal Committee convened by the DAF conducted a hearing at which both parties presented evidence. Included in the evidence was a statement by petitioner that it did not want to conduct the services for which it submitted a bid. The Committee found that although Families was considered an "aggrieved person" under the regulation which gave it standing to appeal, its subsequent declaration that it no longer wants to provide the domestic violence services encompassed within the RFP, rendered the matter moot and required dismissal of its appeal. The Committee reached this conclusion by considering the petitioner's statement as "tantamount to a withdrawal of its proposal." The Committee dismissed the appeal as moot and Families appealed.

In March, 2001, this court ruled on the appeal, finding that the Committee acted ultra vires in dismissing the appeal as moot, and remanding the case to the Committee for a ruling on the merits. The Committee, after consideration of the record as it stood in June, 2000, issued a decision on July 13, 2001, denying Families' appeal. Families now appeals this latest decision, alleging that the Committee failed to make adequate

findings based on the statutory standards of review. It requests the court reverse the Committee's decision, vacate the contract award and order a re-issue of the RFP.

When the decision of an administrative agency is appealed pursuant to M.R. Civ. P. 80C, this court reviews the agency's decision directly for abuse of discretion, errors of law, or findings not supported by the evidence. *Centamore v. Dep't of Human Services*, 664 A.2d 369, 370 (Me.1995). The reviewing court's role on appeal is "limited to assuring that the [agency's] factual findings are supported by competent evidence, that its decision involved no misconception of applicable law and that the application of law to the facts was neither arbitrary nor without rational foundation." *Nancy W. Bayley, Inc. v. Maine Unemployment Security Comm'n*, 472 A.2d 1374, 1377 (Me. 1984) (citations omitted). [A] misapplication of the law to the facts will constitute reversible error and if an agency fails to make adequate findings of fact, the court may remand for findings that would permit meaningful judicial review. *Id.* (internal citations omitted).

Appeals of DHS contract awards are governed by 5 M.R.S.A. § 1825-E and DAF rules, Chap. 120. The guidelines for review by the Appeal Committee are as follows: "The Appeal Committee shall consider all evidence entered into the record and shall look for clear and convincing[1] evidence that one or more of the standards set forth in Section 3, subsection B, of these rules has been proven by the petitioner." DAF Rules, chap. 120, § (4)(1). "The evidence presented must specifically address and be limited to one or more of the following: (A) violation of law; (2) irregularities creating fundamental unfairness; or (3) arbitrary or capricious award." *Id.* § (3)(2).

---

1 The Law Court has defined clear and convincing as "highly probable" not just more probable than not." *Pine Tree Legal Assistance v. Dept. of Human Services*, 655 A.2d 1260, 1264 (Me. 1995).

3

The petitioner first argues that the Committee's decision failed in two respects to address one of the relevant standards of review. Regarding the discrepancies[2] between the RFP and the rating form, the Committee found no fundamental unfairness, but did not expressly address the issue of whether the discrepancies led to an arbitrary and capricious award. The respondent argues that one conclusion leads to a natural inference of the other. The petitioner makes a similar argument concerning DHS's decision to not re-bid the contract after the first appeal, instead, re-evaluate the bids. The Committee found this decision did create fundamental unfairness, but again failed to address the arbitrary and capricious standard. The respondent simply argues that the decision was reasonable in light of the circumstances because the RFP itself was not flawed.

It appears from the record that petitioner is correct on both points. The decision of the Committee contains the following reference to the petitioner's argument: "Families United contends that the contract award process was fundamentally unfair and resulted in an arbitrary and capricious award because (1) the numbering system set forth in the rating form did not consistently follow the numbering in the RFP and (2) a factor-by-factor review of the rating forms shows inexplicable ratings assigned to near identical bidder proposals . . ." Decision of Appeal Panel after Remand (II), p. 2. It later concludes that it was not convinced that the discrepancies led to fundamental unfairness, but it omits any mention of an arbitrary and capricious award. On the second point, there is no mention of the arbitrary and capricious argument in the

---

2 A review of the record indicates only one major discrepancy; section C1b of the RFP asks bidder to explain the scope and volume of various services listed under Community Education/ Community Response while section C1b of the review form asks the raters to score "performance indicators."

4

decision, but there is evidence in the record the petitioner raised the issue properly. Pet.'s Post-Hearing Brief, p. 17. The Committee expressly found no fundamental unfairness on this point, but again failed to address the arbitrary and capricious standard. While the effect of remand of these two issues may seem petty and bureaucratic, the petitioner has successfully established that the Committee erred in its lack of conclusions with respect to the applicable law.

The Law Court addressed the definition of arbitrary and capricious actions in 1971 in *Central Maine Power v. Waterville Urban Renewal Authority*, 281 A.2d 233 (Me. 1971):

> 'Arbitrary and capricious action on the part of an administrative agency has been defined as wilful and unreasoning action, without consideration of facts or circumstances. Where there is room for two opinions, action is not arbitrary or capricious when exercised honestly and upon due consideration, even though it may be believed that an erroneous conclusion has been reached.' *State ex rel. Cosmopolis Consolidated School District No. 99, Grays Harbor County v. Bruno*, 1963, 61 Wash.2d 461, 378 P.2d 691, 696. *See also, Urmston v. City of North College Hill*, 1961, 114 Ohio App. 213, 175 N.E.2d 203, 206. Arbitrary or capricious action on the part of an administrative agency occurs when it can be said that such action is unreasonable, has no rational factual basis justifying the conclusion or lacks substantial support in the evidence. *Hollon v. Pierce*, 1968, 257 Cal.App.2d 468, 64 Cal.Rptr. 808, 815; *Olson v. Rothwell*, 1965, 28 Wis.2d 233, 137 N.W.2d 86, 89.

*Id.* at 242. A definition of fundamental unfairness is more elusive however and represents a concept that is not precisely defined in Maine law, nor is it a concept that is even "susceptible to precise definition." *Brecht v. Abrahamson*, 507 U.S. 619, 639-640 (1993) (Stevens, J. concurring).

It stands to reason then, that where the standard for review on appeal within the agency contains separately articulated standards for reversible error, failure to meet one standard should not necessarily support the inference that the appellant has failed

to meet the other standards as well. This is what the respondent urges the court to do in this case. The court disagrees and believes the case should be remanded for findings on whether the rating form discrepancies and the failure to re-bid the contract led to an arbitrary and capricious award.[3]

The remaining arguments by the petitioner relate to the scoring of the proposals and the change in the effective date of the contract. The petitioner challenges the Committee's finding that the scoring of the proposals did not lead to an arbitrary and capricious award and that the change in the effective date of the contract did not violate agency rules. The court finds that the record contains ample evidence supporting the Committee's conclusion that the scoring did not lead to an arbitrary and capricious award. The petitioner presented no direct evidence that the raters were unqualified, lacking in expertise, or based against the petitioner or its methodologies.

As to the effective date of the contract, it is restricted by section 3(B)(i) of the DAF rules which provides:

> Contracts are not considered fully executed and valid before completing final approval of encumbrance. No contract will be approved based on an RFP which has an effective date of less than fourteen (14) calendar days after award notification to bidders.

The petitioner cites to language in the RFP indicating the effective date to be July 1, 1998. Following the re-scoring by the second review panel, the contract was not actually awarded until October 1, 1998. The petitioner claims this was a violation of the rule stated above. The respondent argues for a more reasonable construction in light of the irregularities in the final contract award. When the contract was awarded on

---

[3] The court is not unmindful of the points well made by the intervenor in its brief. WHCA points out that this ongoing appeals process consumes precious time, and by inference, resources that would be better spent administering the contract. The court must balance its responsibility to follow the law against its desire not to engage in meaningless processes of no benefit.

October 1, the effective date was listed as November 1, 1998, in compliance with the rule above. To apply the earlier effective date would lead to an absurd result and would violate a plain reading of the rule. The Committee, based on testimony from an agency representative, found that the 14-day rule had not been violated. The court will defer to the agency's interpretation of its regulations unless it is plainly erroneous or inconsistent. *Fryeburg Health Care Center v. Dept. of Human Services*, 1999 ME 122, ¶ 7, 734 A.2d 1141.

The court is satisfied that to the extent the petitioner complains that the Committee lacked sufficient record evidence to support its decisions, the appeal should be denied. To the extent petitioner complains that the Committee's decision failed to make adequate conclusions of law with regard to whether the award was arbitrary or capricious, the appeal should be sustained and the case remanded for that purpose.

For all of these reasons above, the entry will be:

> The decision of Appeals Panel After Remand (II) of the Maine Department of Administrative and Financial Services, Bureau of General Services Appeal panel dated July 13, 2001, In Re: Families United of Washington, County, Inc., Appeal of Award of Contract for Family Crisis Services (Domestic Violence) for Washington County, is REVERSED to the extent it failed to conclude, as a matter of law, whether the rating form discrepancies and the failure to re-bid the contract led to an arbitrary and capricious award; in all other respects, the decision is AFFIRMED; REMANDED to the Appeals Panel for a determination whether the "rating form discrepancies and the failure to re-bid the contract led to an arbitrary and capricious award."

Dated: June___20___, 2002

Donald H. Marden
Justice, Superior Court

7

Date Filed __9/13/01__  __Kennebec__  Docket No. __AP01-68__
County

Action ___80C Appeal___

**J. MARDEN**

**Intervenor** John W. McCarthy, Esq.
84 Harlow Street (Washington Hancock Comm.
P.O. Box 1401  Agency)
Bangor, Maine 04402-1401

Maine Department of Human Services
and
ME Dept. of Adm. and Financial Serv.
Division of Purchases

Families United of Washington County, Inc.
vs.

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| Thad Zimistowski, Esq.<br>Fleet Center-Exchange Street<br>PO Box 1210<br>Bangor, ME 04402-1210<br>Matthew S. Raynes, Esq. | Jane Gregory, AAG.<br>XXXXXXXXXXXXXXX, AAG<br>Department of Attorney General<br>6 State House Station<br>Augusta ME 04333-0006 |

| Date of Entry | |
|---|---|
| 9/14/01 | Petition for Judicial Review of Final Agency Action Purusant to M.R.Civ.P. 80C, with attached exhibis, ifled. s/T. Zimistowski, Esq. (filed 9/13/01) |
| 9/14/01 | Case File Notice issued to T. Zimistowski, Esq. |
| 9/24/01 | Notice of Appearance of Alison Fisher, AAG on behalf of Defendants, filed. s/A. Fisher, AAG |
| 10/15/01 | Certification of Record, filed. s/A. Fisher, AAG.<br>(Blue Note Book filed in vault) **Destroyed per atty Fisher's office.** |
| 10/16/01 | Notice of briefing schedule mailed to attys of record. |
| 10/22/01 | Entry of Appearance, filed. s/ McCarthy, Esq.<br>(Copy of briefing schedule mailed to intervenor) |
| 10/26/01 | Notice of Incomplete Record and Families United of Washington County Exhibit List, filed. s/M. Raynes, Esq. |
| 11/19/01 | Motion for Enlargement of Time to File Petitioner's Brief, filed. s/Raynes, Esq. |
| 11/21/01 | ORDER, Marden, J. (11/20/01)<br>The foregoing motion is hereby ordered: Granted.<br>Copies mailed to attys. of record. |
| 11/26/01 | Letter informing the court there is no objection to petitioner's motion for enlargement of time to file petitioner's brief, filed. s/McCarthy, Esq. |
| 12/10/01 | Petitioner's Brief, filed. s/Raynes, Esq. s/Zimistowski, Esq. |
| 12/20/01 | Certification of Record, filed. s/Richard Thompson, Dir.<br>Motion for Late Filing of Record, filed. s/Leighton, AAG<br>Proposed Order, filed. |
| 12/27/01 | ORDER ON MOTION FOR LATE FILING, Marden, J.<br>Copies mailed to attys of record. |