OPINION *Page 2 
 I. Facts {¶ 1} Pursuant to Crim.R. 12(K), the State of Ohio appeals the ruling of the Seneca County Court of Common Pleas excluding from evidence all blood alcohol analysis tests from defendant's accident and any resulting operating a vehicle while under the influence of alcohol (OVI) conviction in the State's subsequent prosecution of vehicular assault.[1] For reasons explained herein we reverse the trial court's ruling.
 {¶ 2} On March 8, 2003, at approximately 2:10 a.m., appellee, Nick Corthell (hereinafter "Corthell"), was involved in a two-car automobile accident on U.S. Route 224 in Seneca County, Ohio. Corthell's vehicle allegedly went left of center striking a Ford Explorer head-on, severely injuring the occupant, Victoria Rucker. At approximately 4:15 a.m., Corthell's blood tested positive for alcohol and marijuana.
 {¶ 3} On November 14, 2003, Corthell was charged with an OVI and operating a vehicle left of center, both misdemeanors offenses. On July 29, 2004, Corthell entered no-contest pleas to both charges in the Tiffin Municipal Court and was sentenced, among other things, to serve jail time and to pay a fine.
 {¶ 4} On May 25, 2005, the State of Ohio charged Corthell with aggravated vehicular assault in violation of R.C. 2903.08(A)(1) and vehicular assault in violation of *Page 3 
R.C. 2903.08(A)(2) based on the March 8, 2003 accident. On June 27, 2005, Corthell was arrested by warrant and, on June 27, 2005, released on bond.
 {¶ 5} On October 3, 2005, the trial court granted the State's motion to dismiss the aggravated vehicular assault charge. On December 19, 2005, Corthell filed a motion to dismiss the indictment asserting double jeopardy, speedy trial, and pre-indictment delay.
 {¶ 6} On January 26, February 6, and August 28 of 2006, hearings were held on Corthell's motion to dismiss. On December 27, 2006, the trial court denied Corthell's motion to dismiss the indictment on claims of double jeopardy and speedy trial.
 {¶ 7} The trial court denied Corthell's motion to dismiss based on pre-indictment delay as well; however, the court ruled that the blood alcohol test and the prior OVI conviction must be excluded from evidence "[i]n the interests of fundamental fairness and the interests of justice."
 {¶ 8} The State of Ohio now appeals the court's exclusion of evidence asserting one assignment of error.
 ASSIGNMENT OF ERROR NO. I The Trial Court abused its discretion when it suppressed from evidence all blood alcohol analysis tests from the motor vehicle crash and any resulting DUI conviction. *Page 4 
 {¶ 9} The State of Ohio asserts that the trial court abused its discretion when it sua sponte excluded all blood alcohol analysis tests from the motor vehicle crash and any resulting OVI convictions. We agree and reverse the decision of the trial court.
 II. Rules of Law {¶ 10} "[T]he admission or exclusion of relevant evidence rests within the sound discretion of the trial court"; therefore, we review for abuse of discretion. State v. Sage (1987), 31 Ohio St.3d 173, 510 N.E.2d 343, paragraph two of the syllabus; State v. Finnerty (1989),45 Ohio St.3d 104, 107, 543 N.E.2d 1233; State v. Hymore (1967), 9 Ohio St.2d 122,128, 224 N.E.2d 126. An abuse of discretion suggests a decision is unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140.
 {¶ 11} "A decision is unreasonable if there is no sound reasoning process that would support that decision." AAAA Enterprises, Inc. v.River Place Community Urban Redevelopment (1990), 50 Ohio St.3d 157,161, 553 N.E.2d 597. "`[Arbitrary' means `[f]ixed or arrived at through an exercise of will or by caprice, without consideration or adjustment with reference to principles, circumstances, or significance, or given to making decisions thus; decisive but unreasoned. "`Urmston v. City ofNorth College Hill (1961, 114 Ohio App. 213, 216, 175 N.E.2d 203. `Capricious' is defined as: "contrary to the evidence or established rules of law," and `caprice' is defined as: "[arbitrary or unfounded motivation." Black's Law Dictionary (7th Ed. Rev. 1999) 203. *Page 5 
 {¶ 12} The meaning of `fundamental fairness' is "as opaque as its importance is lofty." Haj-Hamed v. State Me d. Bd. of Ohio, 10th Dist. No. 06AP-351, 2007-Ohio-2521, ¶ 54 (citations omitted). `Fundamental fairness doctrine' is defined as: "[t]he rule that applies the principles of due process to a judicial proceeding. The term is commonly considered synonymous with due process." Black's Law Dictionary (7 Ed. Rev. 1999) 683.
 III. Analysis {¶ 13} We conclude that the trial court's exclusion of the blood alcohol analysis test and the OVI conviction was arbitrary; and thus, an abuse of discretion.
 {¶ 14} On December 19, 2005, Corthell filed a motion to dismiss the indictment asserting double jeopardy, speedy trial, and pre-indictment delay. The trial court outlined its decision to deny Corthell's motion to dismiss the indictment in its judgment entry. (Doc. # 81). The court wrote a thorough review of the case background, made findings of fact, and outlined a timeline of critical events. The court then proceeded to discuss the merits of Corthell's arguments and drew several conclusions of law.
 {¶ 15} First, the court determined that Corthell's double jeopardy argument lacked merit based on State v. Zima, 102 Ohio St.3d 61,2004-Ohio-1807, 806 N.E.2d 542. Second, the court determined that Corthell's speedy trial claim lacked merit based on State v. Baker,78 Ohio St.3d 108, 1997-Ohio-229, 676 N.E.2d 883. *Page 6 
 {¶ 16} Several problems surfaced, however, in the court's discussion of Corthell's third argument based on pre-indictment delay. The court ultimately determined that Corthell had suffered actual or substantial prejudice by the pre-indictment delay. In reaching its decision, the court admittedly `struggled' with the pre-indictment delay analysis outlined by State v. Luck (1984), 15 Ohio St.3d 150, 472 N.E.2d 1097.
 {¶ 17} The trial court first `struggled' with whether Corthell "must prove by evidence" that he was substantially or actually prejudiced by the pre-indictment delay. The trial court stated that Corthell had presented no evidence of actual prejudice, beside the fact that the blood alcohol analysis was destroyed. The court also noted Corthell had inferentially argued that other prejudice occurred from the delay, such as: faded memories, unavailable witnesses, financial and emotional burdens, etc. The court decided actual evidence was needed to show prejudice, but, two paragraphs after it stated that Corthell had not produced any evidence, the court concluded: "defendant has proven that the blood sample destruction has caused him actual or substantial prejudice."
 {¶ 18} Prior to concluding that Corthell had, in fact, proven prejudice, the court posed two questions: (1) "whether the Court can take corrective action to eliminate the actual or substantial prejudice that was clearly demonstrated by the defendant"; and (2) "Should the Court simply suppress from evidence at trial the test results of the blood alcohol analysis and any resulting DUI conviction?" The genesis of these questions is unclear. *Page 7 
 {¶ 19} After concluding that Corthell had proved prejudice and posing sua sponte reflective questions as to a proper remedy, the trial court ruled that the blood alcohol analysis and any resulting OVI conviction must be suppressed from evidence in "the interests of fundamental fairness and in the interests of justice."
 {¶ 20} As initial matters, we note that the Court of Appeals when reviewing decisions is limited to the record before it, and a court speaks only through its journal. State v. Mincy (1982), 2 Ohio St.3d 6,8, 441 N.E.2d 571, citing Andrews v. Bd. of Liquor Control (1955),164 Ohio St. 275, 131 N.E.2d 390. "If the journal entry and the judge's opinion conflict, the journal entry controls." Economy Fire Cas. Co.v. Craft Gen. Contrs. (1982), 7 Ohio App.3d 335, 337, 455 N.E.2d 1037, citing Andrews, supra; Will v. McCoy (1939), 135 Ohio St. 241,20 N.E.2d 371, paragraph one of the syllabus.
 {¶ 21} Reviewing the journal entry of judgment, we determine that the court's decision to exclude all blood alcohol analysis tests and the resulting OVI conviction from evidence was an abuse of discretion. Although we cannot say that the court's entry is unreasonable because "no sound reasoning process that would support that decision" existed, we do conclude that the exclusion of the evidence is arbitrary and, therefore, an abuse of discretion. AAAA Enterprises, Inc. (1990),50 Ohio St.3d at 161.
 {¶ 22} The trial court's exclusion of evidence is arbitrary for several reasons. First, prior to arriving at its conclusion that exclusion of evidence is warranted, the court appears to have changed its mind as to whether Corthell demonstrated by evidence actual *Page 8 
or substantial prejudice. Initially, the court stated that Corthell presented no actual evidence. Two paragraphs later, it pronounced that Corthell had proven that the blood sample caused him actual prejudice. The decision is, of course, decisive but lacks reason and fails to comport with the court's own findings.
 {¶ 23} Second, the court failed to analyze whether the State of Ohio had any reasons justifying the delay as required by Luck, supra. Instead, the court sua sponte asked itself whether it should exclude the evidence. Although we cannot say that the remedy imposed here was, in and of itself, an abuse of discretion, the application of that remedy absent any indication in the record that the court considered and rejected the State's reasons for delay is an abuse of discretion.
 {¶ 24} Third, the court failed to give reasons for excluding the evidence. Specifically, the court did not explain what was fundamentally unfair about including into evidence the blood alcohol analysis tests or the resulting OVI conviction. Reasons might well have existed for exclusion in this case, but we are limited to reviewing the record before us. The absence of reasoning suggests that the decision was "`[f]ixed or arrived at through an exercise of will or by caprice, without consideration or adjustment with reference to principles, circumstances, or significance, or given to making decisions thus; decisive but unreasoned. "`Urmston (1961), 114 Ohio App. at 216.
 {¶ 25} Fourth, the court did not establish any nexus between the remedy of excluding evidence and the fundamental unfairness in the case. The court merely stated: *Page 9 
"[t]he Court further determines that the prejudice suffered by the defendant can be corrected by the Court. Any blood test results involving defendant's blood alcohol analysis are suppressed from evidence at trial." Prejudice may well have existed and the court may, indeed, have had the authority to remedy that prejudice short of a complete dismissal; however, a principled jurisprudence requires some recorded rationale behind the conclusion that evidence exclusion was warranted. Again, a court speaks through its journal entries, and we cannot assume justifiable reasons that are not presented in the journal entry. Mincy (1982), 2 Ohio St.3d at 8, citing Andrews (1955),164 Ohio St. 275.
 IV. Conclusion {¶ 26} For all these reasons, we hold that the trial court abused its discretion when it excluded from evidence all the blood alcohol analysis tests and the subsequent OVI conviction.
 {¶ 27} It is important to note what we have not said in this case. We have not said that a trial court judge is without authority to exclude evidence "in the interests of justice" or when inclusion of the evidence is "fundamentally unfair." Trial court judges are ultimately charged with ensuring justice. This task is as challenging as it is noble. The crux of our decision today is that when a trial court chooses to proceed "in the interests of justice" or in the interests of "fundamental fairness," the court must clearly provide its reasons for doing so. *Page 10 
 {¶ 28} Having found error prejudicial to the appellant herein in the particulars assigned and argued, we reverse the judgment of the trial court and remand for further proceedings consistent with this opinion.
Judgment Reversed and cause remanded.
 ROGERS, P.J., and WILLAMOWSKI, J., concur.
[1] At oral argument we raised the issue of whether certification under Crim.R.12(K) was appropriate in this case. At that time, we expressed that Crim.R.12(K) should be followed. Since, however, this issue is not before us, we will address it no further. *Page 1