STATE OF MAINE                              SUPERIOR COURT
KENNEBEC, ss.                               CIVIL ACTION
                                            Docket No. AP-08-42
                                            *N/M* -*KEN* -*10/30/08* *c*

M/A-COM, INC.,

               Petitioner
v.                                          DECISION AND ORDER

REBECCA M. WYKE, Commissioner, State
of Maine Department of Administrative and
Financial Services; M.F. CHIP GAVIN,
Director, State of Maine Bureau of General
Services; APPEAL PANEL, State of Maine,
DAFS RFP #507198,

               Respondents

and

MOTOROLA, INC. and GE
TRANSPORTATION GLOBAL
SIGNALING, LLC,

               Parties-in-Interest


        Pursuant to M.R. Civ. P. 80C, the petitioner requests judicial review of a decision

by an appeal panel (Panel), convened pursuant to 5 M.R.S. § 1825-E (2007). The Panel

invalidated the award to petitioner of a statewide radio system contract by the State of

Maine Office of Information Technology (OIT). (R. at 6669.) Motorola, Inc. (Motorola)

and GE Transportation Global Signaling, LLC (GE), parties to the agency proceeding

before the Panel, entered appearances to participate in the review pursuant to 5 M.R.S. §

11005. Motorola moves to dismiss the petitioner's Rule 80C appeal as moot. For the

following reasons, Motorola's motion is denied.

FACTS

        In February 2008, OIT awarded the petitioner a contract for the design and

installation of a statewide radio communications network (MSCommNet). (R. at 6670.)

This award was made pursuant to the first Request for Proposal (RFP) issued by OIT in June 2007 to engage a single contractor for the design, installation, testing, and commissioning of MSCommNet. (R. at 6670.) Shortly after the award to petitioner, Motorola and GE appealed OIT's decision pursuant to 5 M.R.S. § 1825-E. (R. at 6670.)

On May 13, 2008, the Panel invalidated the contract award to the petitioner and found that the two-tiered cost scoring methodology used to evaluate bids contained an irregularity causing fundamental unfairness. (R. at 6673.) Following the Panel's decision invalidating OIT's award to the petitioner, OIT issued a second RFP on August 21, 2008.[1] (Cruikshank Aff. ¶ 7.) The second RFP requires bids to be submitted by November 20, 2008.[2] (Ex. B at 5.) Motorola argues that OIT's decision to issue the second RFP while the petitioner's Rule 80C appeal is pending renders the appeal moot.[3]

STANDARD OF REVIEW

Because the parties have submitted materials outside of the pleadings for the court's consideration, Motorola's motion to dismiss will be treated as a motion for summary judgment. M.R. Civ. P. 56; M.R. Civ. P. 12(c) (if matters other than the pleadings are submitted and not excluded by the court, the motion shall be treated as one for summary judgment); Waterville Homes, Inc. v. Dep't of Transp., 589 A.2d 455, 457 (Me. 1991).

> [A]lthough summary judgment is no longer an extreme remedy, it is not a substitute for trial. It is, at base, "simply a procedural device for obtaining judicial resolution of those matters that may be decided without fact-finding." If facts material to the resolution of the matter have been properly placed in dispute, summary judgment based on those facts is not available except in those instances where the facts properly proffered

---

[1] The petitioner and Motorola dispute the significance of the changes between the first and second RFP.
[2] On September 26, 2008, OIT granted a 30-day extension of the bid submission deadline.
[3] Respondents Wyke and Gavin "do not object to the Court granting Motorola's Motion to Dismiss," but "do not agree that the matter is necessarily moot." (Resp't Resp. to Mot. to Dismiss at 1.) OIT opposes the motion to dismiss and argues that "the appeal is not moot." (OIT Mem. in Opp'n at 1.)

2

would be flatly insufficient to support a judgment in favor of the nonmoving party as a matter of law.

Arrow Fastener Co., Inc. v. Wrabacon, Inc., 2007 ME 34, ¶ 18, 917 A.2d 123, 127 (quoting Curtis v. Porter, 2001 ME 158, ¶ 7, 784 A.2d 18, 21-22).

DISCUSSION

A Rule 80C appeal, like any other case, is moot "if the passage of time and the occurrence of events deprive the litigant of an ongoing stake in the controversy although the case raised a justiciable controversy at the time the complaint was filed." Carroll F. Look Constr. Co. v. Town of Beals, 2002 ME 128, ¶ 6, 802 A.2d 994, 996 (quoting Halfway House, Inc. v. City of Portland, 670 A.2d 1377, 1379-80 (Me. 1996)). Courts should not address issues "which by virtue of valid and recognizable supervening circumstances have lost their controversial vitality." Leigh v. Superintendent, Augusta Mental Health Inst., 2003 ME 22, ¶ 6, 817 A.2d 881, 883. The test for mootness is "whether there remain sufficient practical effects flowing from the resolution of the litigation to justify the application of limited judicial resources." Halfway House, Inc., 670 A.2d at 1380.

Motorola argues that OIT's decision to issue a new RFP effectively cancelled the first RFP and rendered the petitioner's Rule 80C appeal moot. Although both parties agree that the Law Court has not addressed the specific issue of whether an agency's decision to issue a new RFP during an appeal from a prior RFP process renders the appeal moot, Motorola cites cases from other jurisdictions for the proposition that "once an agency issues a new RFP an appeal of the old RFP is moot." (Reply Mem. in Supp. of Mot. to Dismiss at 4.) A close reading of those cases, however, reveals that, in each instance, the respective agencies issuing the solicitations affirmatively issued notices explicitly withdrawing or canceling the initial solicitations. See CCL Serv. Corp. v.

3

United States, 43 Fed. Cl. 680, 684 (Fed. Cl. 1999); Mktg. & Mgmt. Info., Inc. v. Beale, No. 96-1270, 1998 U.S. App. LEXIS 10199, at *2-4 (Fed. Cir. May 19, 1998); Paul Wholesale, B.V./Hols Trading, GMBH, J.V. v. State Dep't of Transp. & Pub. Facilities, 908 P.2d 994, 997 (Alaska 1995); Allen Group, Inc. v. Adduci, 523 N.Y.S.2d 636, 637 (N.Y. App. Div. 1988).

OIT has given no such affirmative notice that it is canceling the first RFP, and, in fact, has indicated that "[i]f the judicial review reverses the Appeal Panel's decision, the State will consider its options and communicate quickly to all parties and participants in this process." (Ex. B at 13, question #13.)[4] The petitioner has raised a genuine issue of material fact regarding whether the first RFP remains in place.

Motorola argues that an affirmative cancellation of the first RFP is unnecessary, however, because the Panel's decision to invalidate the contract award means that "the contract immediately becomes void and of no legal effect." Me. Dep't of Admin. & Fin. Serv., 18 554 CMR 120 § 4(B)(ii) (2007). This rule specifically renders the contract void, not the RFP.[5] Accordingly, this provision does not bring this situation within the extra-jurisdictional authority cited by Motorola. If the petitioner is successful in this Rule 80C appeal, the petitioner has raised a genuine issue of material fact regarding whether the petitioner and OIT will continue with negotiations for the MSCommNet contract under the first RFP.

---

[4] OIT's opposition to Motorola's motion to dismiss is supported by the Affidavit of Richard B. Thompson, the Maine Chief Information Officer for Maine. He states:

> 7. OIT has not cancelled, withdrawn or otherwise abandoned the RFP issued in June 2007.

> 8. In the event the appeal is successful and the contract award to M/A Com is upheld, OIT is prepared to enter into negotiations and to contract with M/A Com for the design and implementation of the solution proposed by M/A Com.

(Thompson Aff. ¶¶ 7, 8.)

[5] The rule specifically defines both an "RFP" and a "contract." See Me. Dep't of Admin. & Fin. Serv., 18 554 CMR 120 § 1(A) & (C).

4

Motorola further argues that OIT is free to decline entering into an actual contract with the petitioner even if this court reverses the Panel's decision. Clearly, as Motorola explains, the court may not "dictate what the executive branch decides to buy under the circumstances." (Mot. to Dismiss at 8.) Indeed, the award of a contract under the RFP process does not impose upon the State an absolute obligation to enter into a contract, and, if negotiations break down, OIT may award the contract to the next highest rated bidder. See Me. Dep't of Admin. & Fin. Serv., 18 554 CMR 110 § 3(a)(ii). The petitioner does not, through its Rule 80C appeal, seek an order requiring OIT to contract with the petitioner. The petitioner requests that this court vacate the Panel's decision to invalidate the award to the petitioner under the first RFP and to reinstate the right of the petitioner and OIT to negotiate a contract under the first RFP. Regardless of whether the petitioner and OIT ultimately enter into a contract for the MSCommNet project, the reinstatement of the petitioner's right to negotiate with OIT under the first RFP is a sufficient practical effect to justify the use of limited judicial resources. See FPL Energy Me. Hydro LLC v. Dep't of Envtl. Prot., 2007 ME 97, ¶ 20, n.8, 926 A.2d 1197, 1202.

The entry is

Motorola's Motion for Summary Judgment is DENIED.

Date: October 28, 2008

Nancy Mills
Justice, Superior Court

5

Date Filed ____6/12/08____  ____Kennebec____  Docket No. ____AP-08-42____
County

Action ___80(c)___                                        J. Mills

                                      Rebecca Wyke, Commissioner
                                      Chip Gavin, Director
                                      Appeal Panel, State of Maine

M/A-COM, INC                                vs.

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| Valerie Wright, Esq.<br>Beth Dobson, Esq.<br>One Portland Square<br>Portland, Maine | Charles F. Dingman, Esq. (Motorola, Inc.)<br>45 Memorial Circle<br>PO Box 1058, Augusta, ME  04332<br><br>Bernard J. Kubetz, Esq. (GE Transportation)<br>PO Box 1210, Bangor, ME  04402-1210 |

(State of Maine OIT)
William H. Laubenstein, AAG
6 State House Station,
Augusta, ME  04333-0006

Janine A. Raquet, AAG  (Wyke & Gavin)
84 Harlow Street 2nd Floor
Bangor,   Maine  04401

| Date of Entry | |
|---|---|
| 6/17/08 | Petition for review of final agency action filed by Atty Dobson on 6/12/08. |
| 6/17/08 | Appearance and Statement of Position, filed. s/Dingman, Esq. |
| 6/25/08 | Appearance and Statement of Position by GE Transportation Systems Global Signaling, LLC, filed 6/24/08.  s/Kubetz, Esq. |
| 6/19/08 | Entry of Appearance, filed. s/Raquet, AAG |
| 7/10/08 | Entry Of Appearance By State Of Maine Office Of Information Technology, filed 6/30/08.  s/Laubenstein, AAG |
| 7/15/08 | Motion to enlarge time to file certified record filed by Atty Ranquet, AAG. (unopposed motion)<br>ORDER, Mills, J.<br>Motion GRANTED.  The Certified Record shall be due 7/18/08.<br>Copy to attorneys of record. |
| 7/18/08 | Second Motion to Enlarge Time to File Certified Record, s/Raquet, AAG<br>Proposed Order, filed. |
| 7/22/08 | ORDER...upon second motion to enlarge time to file certified record and without objection, the court orders that the motion be granted.  The CERTIFIED RECORD SHALL BE DUE Friday 7/25/08. /s/ Mills, Justice.  Order dated 7/21/08.  Copy mailed to Atty's on 7/22/08. |
| 7/31/08 | Certified record, filed 7/25/08.  **(in vault – 2 archive boxes)**<br>Motorola Cost Scoring Exhibit, filed 7/25/08. s/Laubenstein, AAG |
| 7/31/08 | Notice And Briefing Schedule mailed to attorneys of record. |
| 08/19/08 | Filed 08/19/08:  Petitioner's Rule 80C Brief, along with Petitioner's Addendum of Bid Appeal Decisions. filed by Attorney Wright. |
| 9/3/08 | Letter regarding Petitioner's Motion for an Expedited Hearing, filed 8/27/08.  s/Raquet, AAG |

| Date of Entry | Docket No. AP-08-042 |
|---|---|
| 9/3/08 | Letter stating GE Transportation Systems Global Signaling, LLC has no objection to Petitioner's Motion for an Expedited Hearing. s/Kubetz, Esq.   (filed 8/27/08) |
| 9/3/08 | Response By Party-In-Interest Motorola, Inc. to Petitioner's Motion To Expedite, filed 8/29/08.  s/Dingman, Esq. |
| 9/3/08 | Letter stating Office of Information Technology joins in the Motion for an Expedited Hearing, filed 8/29/08.  s/Laubenstein, III, AAG |
| 9/3/08 | Letter clarifying position of GE regarding Motion for an Expedited Hearing, filed 9/2/08.  s/Kubetz, Esq. |
| 9/10/08 | Petitioner's Reply In Support Of Motion For An Expedited Hearing, filed 9/5/08.  s/Wright, Esq. |
| 9/12/08 | Phone conference scheduled for 9/16/08 at 3:30. |
| 9/16/08 | Phone conference cancelled per J. Mills.  Attorneys notified by phone. |
| 9/17/08 | Party-in-Interest Motorola's Rule 80C Brief, filed. s/Dingham, Esq. Motion to Dismiss by Party-in-Interest Motorola, Inc. and Incorpotated Memorandum of Law, filed. s/Dingham, Esq. Party-in-Interest Mororola's Addendum of Bid Appeal Decisions with attachments, filed. Affidavit of Robert s. Cruikshank, filed. s/Cruikshank |
| 9/18/08 | ORDER, Mills, J. Motion For Expedited Hearing DENIED.  No oral argument is required. Court will endeavor to decide case expeditiously. Copy mailed to attorneys of record. |
| 09/18/08 | Filed 09/18/08:  Brief of Respondents Wyke and Gavin pursuant to M.R.Civ.P. 80C. filed by AAG Raquet.

Filed 09/18/08:  Rule 80C Brief of Party-in-Interest GE filed by Attorney Kubetz. |
| 10/3/08 | Petitioner's Reply Brief, filed 10/1/08.  s/Wright, Esq. |
| 10/7/08 | Respondents' Response To Motion To Dismiss, filed 10/7/08. s/Raquet, AAG |
| 10/10/08 | Office Of Information Technology Memorandum In Opposition To Motion To Dismiss, Affidavit Of Richard B. Thompson, filed 10/8/08. s/Laubenstein, AAG |
| 10/10/08 | Petitioner's Opposition To Motion To Dismiss By PII Motorola, Inc., Affidavit of Chris Sarantos (copy), Exhibits A and B, filed 10/8/08. s/Wright, Esq. |
| 10/16/08 | Affidavit of Chris Sarantos, filed 10/14/08.  s/Wright, Esq. |
| 10/16/08 | Reply Memorandum In Support Of Motion To Dismiss By PII Motorola, Inc. filed 10/15/08.  s/Dingman, Esq. |
| 10/29/08 | DECISION AND ORDER, Mills, J. Motorola's Motion for Summary Judgment is DENIED. Copy mailed to attorneys of record. Copy mailed to Garbrecht Law Library, Deborah Firestone, Goss Data Service. |

STATE OF MAINE                          SUPERIOR COURT
KENNEBEC, ss.                           CIVIL ACTION
                                        Docket No. AP-08-42
                                        *N M- KEN - 11? -08?*

M/A-COM, INC.,

                Petitioner
                                        DECISION AND ORDER
v.

REBECCA M. WYKE, Commissioner, State
of Maine Department of Administrative and
Financial Services; M.F. CHIP GAVIN,
Director, State of Maine Bureau of General
Services; APPEAL PANEL, State of Maine,
DAFS RFP #507198,

                Respondents

and

MOTOROLA, INC. and GE
TRANSPORTATION GLOBAL
SIGNALING, LLC,

                Parties-in-Interest

        Pursuant to M.R. Civ. P. 80C, the petitioner seeks judicial review of a decision by

an appeal panel (panel), convened pursuant to 5 M.R.S. § 1825-E (2007), in which the

panel invalidated the award to petitioner of a statewide radio system contract by the

State of Maine Office of Information Technology (OIT).    (R. at 6669.)    Motorola, Inc.

(Motorola) and GE Transportation Global Signaling, LLC (GE), parties to the agency

proceeding before the panel, entered appearances to participate in the review pursuant

to 5 M.R.S. § 11005.[1]  For the following reasons, the decision of the panel is affirmed.

---

[1] Motorola moved to dismiss petitioner's Rule 80C appeal as moot.  By order dated 10/29/08, Motorola's
motion was denied.

## FACTS

In February 2008, OIT awarded the petitioner a contract for the design and installation of a statewide radio communications network (MSCommNet). (R. at 6670.) This award was made pursuant to the first Request for Proposal (RFP) issued by OIT in June 2007, to engage a single contractor for the design, installation, testing, and commissioning of MSCommNet. (Id.) Shortly after the award to petitioner, Motorola and GE appealed OIT's decision pursuant to 5 M.R.S. § 1825-E. (Id.) On May 13, 2008, the panel invalidated the contract award to petitioner and found that the two-tiered cost scoring methodology used to evaluate bids contained an irregularity causing fundamental unfairness.[2] (Id. at 6673.)

## STANDARD OF REVIEW

Decisions by the panel constitute final agency action for the purpose of judicial review. See 5 M.R.S. § 1825-F. When the decision of an administrative agency is appealed pursuant to M.R. Civ. P. 80C, this court reviews the agency's decision directly for abuse of discretion, errors of law, or findings not supported by the evidence. Centamore v. Dep't of Human Servs., 664 A.2d 369, 370 (Me. 1995). "An administrative decision will be sustained if, on the basis of the entire record before it, the agency could have fairly and reasonably found the facts as it did." Seider v. Bd. of Exam'rs of Psychologists, 2000 ME 206, ¶ 9, 762 A.2d 551, 555 (citing CWCO, Inc. v. Superintendent of Ins., 1997 ME 226, ¶ 6, 703 A.2d 1258, 1261). The court will "not attempt to second-guess the agency on matters falling within its realm of expertise" and judicial review is limited to "determining whether the agency's conclusions are unreasonable, unjust or unlawful in light of the record." Imagineering, Inc. v. Superintendent of Ins., 593 A.2d

---

[2] Additional facts, including the method used to score costs in the RFP, are included in the discussion section.

2

1050, 1053 (Me. 1991). "Inconsistent evidence will not render an agency decision unsupported." Seider, 2000 ME 206, ¶ 9, 762 A.2d at 555. The burden of proof rests with the party seeking to overturn the agency's decision, and that party must prove that no competent evidence supports the Board's decision. See Bischoff v. Bd. of Trs., 661 A.2d 167, 170 (Me. 1995).

DISCUSSION

As a general rule, the State is required to award contracts by competitive bidding. See 5 M.R.S. § 1825-C; Me. Dep't of Admin. & Fin. Serv., 18 554 CMR 110 § 2(A). Specifically, "[a]ll contracts issued under the review of the Contract Review Committee which do not qualify as sole source or emergency procurements must be competitively bid using the Request for Proposal." Id. The RFP must contain "at a minimum a clear definition (scope) of the project, the evaluation criteria and relative scoring weights to be applied, the proposal opening date and time, and agency contact person." Id. at § 2(A)(i).

A contract awarded pursuant to an RFP may be appealed to the panel. Id. at 120 § 2(B). An "aggrieved person"[3] has the burden of proving by clear and convincing evidence that the contract award was: (1) in violation of law; (2) contained irregularities creating fundamental unfairness; or (3) was arbitrary or capricious. Id. at § 3(B); 4(A). Upon a finding by clear and convincing evidence that one or more of these standards have been met, the panel is limited to "[i]nvalidat[ing] the contract award decision under appeal." Id. at § 4(A)(2). The clear and convincing evidence standard requires that the aggrieved party convince the panel that the "truth of its factual contentions was

---

[3] An "aggrieved person" means "any person who bids on a contract and who is adversely affected financially, professionally or personally by that contract award decision." Me. Dep't of Admin. & Fin. Serv., 18 554 CMR 120 § 1(G). Motorola and GE were the aggrieved parties in the appeal.

3

highly probable, rather than merely more probable than not." <u>Pine Tree Legal Assistance v. Dep't of Human Servs.</u>, 655 A.2d 1260, 1264 (Me. 1995).

Although the panel was divided over the issue of whether the RFP was "sufficiently clear to put bidders on notice that they could bid a design that varied from the conceptual design contained in the RFP," a majority of the panel determined that any lack of clarity in the RFP concerning the design did not rise to the level of an irregularity creating a fundamental unfairness. (R. at 6672-73.) The panel was unanimous, however, in determining that "the two tiered method used to score costs for this RFP created a situation where the cost score could be skewed to the disadvantage of other bidders." (<u>Id</u>. at 6673.) The panel found that "a bid with a greater overall contract cost to the State could conceivably prevail over a lower cost bid with equivalent scores on the technical merits of the proposal." (<u>Id</u>.) Accordingly, the panel found that this "cost scoring method caused an irregularity creating a fundamental unfairness," and invalidated the contract award to the petitioner. (<u>Id</u>.)

The petitioner argues that the court should vacate the panel's decision invalidating the contract award based on the following:

1. the panel wrongfully substituted its judgment for OIT's judgment in concluding that the two-tiered cost scoring formula was an "irregularity";

2. even assuming the cost scoring formula was irregular, its use was harmless error not rising to the level of fundamental fairness; and

3. even assuming the scoring system was irregular and fundamentally unfair, Motorola and GE waived any right to appeal the award on the basis of the cost scoring formula because they never asserted any objection about the formula until after the award was made to petitioner.

(<u>See</u> Pet'r Br. at 3.)

4

## I. Whether the panel wrongfully substituted its judgment for OIT's judgment

In the RFP, OIT provided details regarding how bids would be scored. (R. at 130-133.) The bids were scored in two areas: "Technical Submission" and "Contract/Cost Submission."[4] (Id.) The focus of the panel's decision and this appeal is the cost submission component of the scoring system. The cost submission component utilized a two-tiered scoring system with a maximum score available of 150 points. (Id. at 132.) The RFP awarded 125 points for cost sheet A and 25 total points for cost sheets C and D. (Id. at 132, 138, 140, 141.) Cost sheet A covered base costs for fixed-end items and project services. (Id. at 138.) Cost sheet C covered an extended warranty option. (Id. at 140.) Cost sheet D covered base costs for additional optional elements. (Id. 141.)

The flaw in this two-tiered cost system, according to the panel, was that

> [t]he method used to score costs in this RFP created a condition whereby a bid which contained a higher system cost (Cost Sheet A) but a lower cost for the optional items (Cost Sheets C and D) could receive a higher total cost score than a bid which contained a lower system cost but higher costs for the optional items – even though the total cost for both bids might be the same. Under this scenario, a bid with a greater overall contract cost to the State could prevail over a lower cost bid with equivalent scores on the technical merits of the proposal.

(Id. at 6671-72.) Based upon this finding, the panel "was convinced that this cost scoring method caused an irregularity creating a fundamental unfairness." (Id. at 6673.) The panel concluded that "the two tiered method used to score costs for this RFP created a situation where the cost score could be skewed to the disadvantage of other bidders" and that "a bid with a greater overall contract cost to the State could conceivably prevail over a lower cost bid with equivalent scores on the technical merits of the proposal." (Id. at 6673.) The panel did not determine whether a skewing of cost

---

[4] Proposals could receive a maximum score of 500 points. In addition to the Cost Submission component, the Technical Submission component for each bid contained a maximum score of 300 points; 250 points for the technical evaluation and 50 points for the qualifications evaluation. (R. at 131-32.) The bids were also subject to a contractual evaluation that contained a maximum score of 50 points. (Id. at 132.)

5

scores actually occurred, or that a bid with the greater overall contract cost had actually prevailed.

The petitioner contends that the panel committed an error of law and acted arbitrarily and capriciously by concluding that it was irregular for OIT to use a two-tiered cost scoring formula. (Pet'r Br. at 17.) The petitioner argues that the hypothetical improperly assumes that "a dollar of system costs is worth the same as a dollar of warranty and maintenance costs" when, according to the petitioner, warranty costs are worth more than up-front dollars. (Pet'r Br. at 22.) In the decision, the panel noted OIT's explanation that the cost scoring method was designed to put greater emphasis on the warranty and local project office options. (R. at 6671.) The petitioner argues that this design by OIT was a reasonable exercise of its discretion, and the panel substituted its judgment for OIT's judgment in concluding that cost dollars in the system cost tier (in cost sheet A) should be valued equally with the cost dollars in the warranty and maintenance tier (in cost sheets C and D). (Pet'r Br. at 10-12, 17, 21.)

Contrary to this argument, substantial evidence in the record supported the panel's decision. The panel found that the cost scoring formula used in the RFP contained an irregularity because bidders could receive a higher score merely by pricing options in one category rather than another. Because this irregularity could create a situation where a proposal with a greater overall contract cost to the State could prevail over a lower cost proposal with equivalent scores on the technical merits of the proposal, the panel found the scoring method fundamentally unfair. Such a finding is supported in the record. For example, Richard Thompson, Chief Information Officer for the State of Maine and manager of OIT, in response to questioning by Motorola, testified that it is possible to get a substantially higher score if the optional items are priced lower and the system items are priced higher under the constraints of the same

6

total price—in other words, whether elements of a proposal are listed on cost sheet A or cost sheets C and D. Mr. Thompson described this as "gaming the system essentially." (R. at 6605.)[5]

The record reflects that the Motorola hypothetical posed to Mr. Thompson did not occur in the bidding on the first RFP. (Id. at 6597, 6619-20.) But the panel concluded that this irregularity, the failure of the cost scoring methodology to ensure the lower total cost bid received a higher total cost score, created a fundamental unfairness. (Id. at 6673.) The panel was not required find actual harm occurred in the process; the petitioner cites federal case law and relies on its hypothetical that "there is no chance that any bidder other than M/A-Com would have won the bid if costs had been scored in a single category worth 150 points." (Pet'r Br. at 28-29).

The petitioner argues that OIT should have been given discretion by the panel to weight system-item and optional-item dollars differently in the cost-score formula.[6] RFPs must accord at least 25% of the total score to cost. Me. Dep't of Admin. & Fin. Serv., 18 554 CMR 110 § 2(A)(i)(aa). OIT need not accept the lowest cost bid, as long as the contract is awarded to the "best-value bidder." 5 M.R.S. § 1825-B(7); <u>Carl L. Cutler Co. v. State Purchasing Agent</u>, 472 A.2d 913, 917 (Me. 1984) (award to "lowest responsible bidder"). The process appears quite flexible. (R. at 6620.)[7] While there is no

---

[5] Motorola's demonstrative exhibit is not in the record. (R. at 6498.)

[6] The record reflects Richard Thompson's explaination of OIT's rationale for the two-tiered cost scoring system. (R. at 6601; see also id at 6594, 6619.)

[7] Senior Project Manager for the MSCommNet project, Lavana Snyder, testified:

Q.    Now, was there any consideration of completely excluding GE and the other bidders' proposal for failing to include that information?

A.    Yes, actually the cost team when they started their process, they talked about whether those two proposals should be totally rejected out of hand and they were feeling very strong about that. I spoke with Dick Thompson to get some counseling on that issue and was encouraged to go back to the cost team and get them to find another approach to the scoring that would keep those proposals in the process.

7

requirement that all cost dollars be weighted equally, the panel did not dictate to OIT a new cost scoring formula. The panel identified an irregularity that created a fundamental unfairness, supported on this record, and invalidated an award based on the RFP that included that irregularity.

The petitioner next argues that the panel's finding exceeds the only regulatory limitation on scoring cost proposals: that RFPs accord at least 25% of the total score to cost. See Dep't of Admin. & Fin. Serv., 18 554 CMR 110 § 2(A)(i)(aa) ("Cost of the contract must be included in the evaluation criteria and must receive a minimum of 25% of the total weight of all criteria."). Although the petitioner is correct in asserting the RFP met this standard, the panel's decision did not require that the RFP violate this standard. The panel invalidated the contract award based upon an irregularity in the cost scoring formula. Moreover, the regulation requires that the RFP evaluate costs at "a minimum of 25% of the total weight of all criteria." The regulation does not proscribe evaluating costs at a higher level.

Finally, petitioner contends that because previous appeal panels have upheld a similar cost scoring formula in the past, this panel's departure from agency precedent constitutes arbitrary and capricious decision-making. (Pet'r Br. at 25.) Notwithstanding the factual distinctions noted by Motorola regarding many of the past cases cited by petitioner, decisions by other agencies do not address whether the panel's decision here is supported by substantial evidence in administrative record. Hall v. Bd. of Envtl. Prot., 498 A.2d 260, 266 (Me. 1985). Arguably inconsistent prior agency decisions do not render the panel's finding arbitrary or capricious where, as here, that decision is supported by substantial evidence. Id.

(R. at 6620.)

8

II.  Whether the irregularity in the cost scoring formula was fundamentally unfair

The petitioner argues that, even assuming the RFP's cost scoring method contained an irregularity, there was no fundamental unfairness because if all dollars were weighted equally, petitioner still would have had the highest cost score and thus any irregularity was "harmless error." (Pet'r R. Br. at 14.) There is no support in the record, however, that petitioner would have been awarded the contract utilizing a different cost scoring formula. See Pine Tree Legal Assistance, 655 A.2d at 1263-64 (recognizing that agency has discretion to take into consideration factors other than scores in awarding contracts). Additionally, the petitioner's hypothetical cost-score formula had not been accepted by OIT. The panel could not assume that OIT would have accepted the petitioner's formula, and had no authority to modify the cost scoring system included in the first RFP. See 5 M.R.S. § 1825-E(3) (panel is limited to validating or invalidating the contract award). The petitioner's contention that it would have still won the contract award based upon an alternative, hypothetical cost scoring formula is speculative. The record supports the panel's finding of "fundamental unfairness."

III.  Whether Motorola and GE waived any right to appeal

The petitioner argues that because no bidder questioned or objected to the cost scoring formula contained in the RFP before submitting bids, Motorola and GE waived their right to challenge the formula on appeal. (Pet'r Br. at 29-30.) The petitioner relies on federal bidding law to argue that bidders must object to an unfair solicitation prior to submitting bids. See Blue & Gold Fleet, L.P. v. United States, 492 F.3d 1038, 1314 (Fed. Cir. 2007); Argencord Mach. & Equip., Inc. v. United States, 68 Fed. Cl. 167, 176, n.14 (Fed. Cl. 2005); Aerolease Long Beach & Satsuma Inv., Inc. v. United States, 31 Fed. Cl. 342, 358 (Fed. Cl. 1994.).

9

The petitioner's federal authority is not persuasive because, unlike federal law, Maine law does not expressly require bidders to protest improprieties in a solicitation prior to a bid opening or the receipt of bid proposals. See 4 C.F.R. § 21.2(a)(1) (2007). Instead, Maine regulations provide for the filing of an administrative appeal and a request for hearing within "fifteen (15) days after notification of [the contract] award." Me. Dep't of Admin. & Fin. Serv., 18 554 CMR 120 § 2(B)(3). The petitioner has provided no Maine law in support of its contention and section 1825-E(3) explicitly vests authority to invalidate a contract award in the panel. 5 M.R.S. § 1825-E(3). No case law, statutory provision, or administrative rule binds the panel because of an entity's failure to act.

The court cannot second-guess the panel. Imagineering, Inc., 593 A.2d at 1053. The panel's decision is supported by the record; the panel did not make errors of law or act arbitrarily or capriciously. 5 M.R.S. 11007(4)(C)(4)-(6).

The entry is

The Decision of the Appeal Panel is AFFIRMED.

Date: November 3, 2008

Nancy Mills
Justice, Superior Court

10

Date Filed 6/12/08     Kennebec     Docket No. AP-08-42
                 County

Action 80(c)                                  **J. Mills**

Rebecca Wyke, Commissioner
Chip Gavin, Director
Appeal Panel, State of Maine

M/A-COM, INC                 vs.

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| Valerie Wright, Esq.<br>Beth Dobson, Esq.<br>One Portland Square<br>Portland, Maine 04112 | Charles F. Dingman, Esq. (Motorola, Inc.)<br>45 Memorial Circle<br>PO Box 1058, Augusta, ME 04332<br><br>Bernard J. Kubetz, Esq. (GE Transportation)<br>PO Box 1210, Bangor, ME 04402-1210 |
| (State of Maine OIT)<br>William H. Laubenstein, AAG<br>6 State House Station,<br>Augusta, ME 04333-0006 | Janine A. Raquet, AAG (Wyke & Gavin)<br>84 Harlow Street 2nd Floor<br>Bangor, Maine 04401 |

| Date of Entry | |
|---|---|
| 6/17/08 | Petition for review of final agency action filed by Atty Dobson on 6/12/08. |
| 6/17/08 | Appearance and Statement of Position, filed. s/Dingman, Esq. |
| 6/25/08 | Appearance and Statement of Position by GE Transportation Systems Global Signaling, LLC, filed 6/24/08. s/Kubetz, Esq. |
| 6/19/08 | Entry of Appearance, filed. s/Raquet, AAG |
| 7/10/08 | Entry Of Appearance By State Of Maine Office Of Information Technology, filed 6/30/08. s/Laubenstein, AAG |
| 7/15/08 | Motion to enlarge time to file certified record filed by Atty Ranquet, AAG. (unopposed motion)<br>ORDER, Mills, J.<br>Motion GRANTED. The Certified Record shall be due 7/18/08.<br>Copy to attorneys of record. |
| 7/18/08 | Second Motion to Enlarge Time to File Certified Record, s/Raquet, AAG<br>Proposed Order, filed. |
| 7/22/08 | ORDER...upon second motion to enlarge time to file certified record and without objection, the court orders that the motion be granted. The CERTIFIED RECORD SHALL BE DUE Friday 7/25/08. /s/ Mills, Justice. Order dated 7/21/08. Copy mailed to Atty's on 7/22/08. |
| 7/31/08 | Certified record, filed 7/25/08. **(in vault – 2 archive boxes)**<br>Motorola Cost Scoring Exhibit, filed 7/25/08. s/Laubenstein, AAG |
| 7/31/08 | Notice And Briefing Schedule mailed to attorneys of record. |
| 08/19/08 | Filed 08/19/08: Petitioner's Rule 80C Brief, along with Petitioner's Addendum of Bid Appeal Decisions. filed by Attorney Wright. |
| 9/3/08 | Letter regarding Petitioner's Motion for an Expedited Hearing, filed 8/27/08. s/Raquet, AAG |

| | |
|---|---|
| 9/3/08 | Letter stating GE Transportation Systems Global Signaling, LLC has no objection to Petitioner's Motion for an Expedited Hearing. s/Kubetz, Esq. (filed 8/27/08) |
| 9/3/08 | Response By Party-In-Interest Motorola, Inc. to Petitioner's Motion To Expedite, filed 8/29/08. s/Dingman, Esq. |
| 9/3/08 | Letter stating Office of Information Technology joins in the Motion for an Expedited Hearing, filed 8/29/08. s/Laubenstein, III, AAG |
| 9/3/08 | Letter clarifying position of GE regarding Motion for an Expedited Hearing, filed 9/2/08. s/Kubetz, Esq. |
| 9/10/08 | Petitioner's Reply In Support Of Motion For An Expedited Hearing, filed 9/5/08. s/Wright, Esq. |
| 9/12/08 | Phone conference scheduled for 9/16/08 at 3:30. |
| 9/16/08 | Phone conference cancelled per J. Mills. Attorneys notified by phone. |
| 9/17/08 | Party-in-Interest Motorola's Rule 80C Brief, filed. s/Dingham, Esq. Motion to Dismiss by Party-in-Interest Motorola, Inc. and Incorpotated Memorandum of Law, filed. s/Dingham, Esq. Party-in-Interest Mororola's Addendum of Bid Appeal Decisions with attachments, filed. Affidavit of Robert s. Cruikshank, filed. s/Cruikshank |
| 9/18/08 | ORDER, Mills, J. Motion For Expedited Hearing DENIED. No oral argument is required. Court will endeavor to decide case expeditiously. Copy mailed to attorneys of record. |
| 09/18/08 | Filed 09/18/08: Brief of Respondents Wyke and Gavin pursuant to M.R.Civ.P. 80C. filed by AAG Raquet.<br><br>Filed 09/18/08: Rule 80C Brief of Party-in-Interest GE filed by Attorney Kubetz. |
| 10/3/08 | Petitioner's Reply Brief, filed 10/1/08. s/Wright, Esq. |
| 10/7/08 | Respondents' Response To Motion To Dismiss, filed 10/7/08. s/Raquet, AAG |
| 10/10/08 | Office Of Information Technology Memorandum In Opposition To Motion To Dismiss, Affidavit Of Richard B. Thompson, filed 10/8/08. s/Laubenstein, AAG |
| 10/10/08 | Petitioner's Opposition To Motion To Dismiss By PII Motorola, Inc., Affidavit of Chris Sarantos (copy), Exhibits A and B, filed 10/8/08. s/Wright, Esq. |
| 10/16/08 | Affidavit of Chris Sarantos, filed 10/14/08. s/Wright, Esq. |
| 10/16/08 | Reply Memorandum In Support Of Motion To Dismiss By PII Motorola, Inc. filed 10/15/08. s/Dingman, Esq. |
| 10/29/08 | DECISION AND ORDER, Mills, J. Motorola's Motion for Summary Judgment is DENIED. Copy mailed to attorneys of record. Copy mailed to Garbrecht Law Library, Deborah Firestone, Goss Data Service. |

| Date of Entry | M/A Com, Inc. v. Rebecca Wyke, Commissioner, et al |
|---|---|
| | Docket No. AP-08-42 |
| 11/3/08 | DECISION AND ORDER, Mills, J.<br>The Decision of the Appeal Panel is AFFIRMED.<br>Copy mailed to attorneys of record.<br>Copy mailed to Garbrecht Law Library, Deborah Firestone, Goss Data Service. |